UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

KOREA DEPOSIT INSURANCE
CORPORATION,

               Plaintiff,

v.

KYUNG-HEE KIM,

               Defendant.

CASE NO.: 1:25-cv-01518

## DECLARATION OF BO SUNG JIN

I, Bo Sung Jin, hereby declare:

1.      I am an attorney barred in the Republic of Korea (Attorney Registration No. 31237). The following facts are within my personal knowledge and if called as a witness herein, I can and will competently testify thereto.

2.      I am currently working as an international lawyer for Kibler Fowler & Cave LLP on secondment from Yulchon LLC, a major law firm based in the Republic of Korea. I earned LL.B. and J.D. degrees from Sungkyunkwan University in the Republic of Korea, and passed the Korean bar examination in 2017. In 2025, I earned an LL.M. degree from Stanford Law School in Palo Alto, California.

3.      From 2017 to 2020, I served as a Judge Advocate General's Corps officer in the Republic of Korea Army, providing legal services including representing the Republic of Korea in civil and administrative matters before the courts in Korea. After honorably completing my military service in 2020, I began practicing as a litigation attorney in Yulchon LLC's Seoul office and continued in that role until commencing my studies at Stanford Law School with sponsorship

from Yulchon. Through both academic study and legal practice, I have studied and applied many different fields of Korean law including the Korean Civil Act and the Korean Civil Procedure Act.

4.  In this declaration, I cite statutory provisions of Korea, translated into English. The English translations of the statutes are the official translations provided by Korea Legislation Research Institute. Attached hereto as Exhibits A, B, C, D, and E are, respectively, English translations of relevant parts of the Korean Civil Procedure Act, the Korean Resident Registration Act, the Korean Civil Execution Act, the Korean Civil Act, and the Korean Act on Private International Law.

### *Service of Process Under Korean Law*

5.  In Korean civil procedure, the court carries out service of process *ex officio*, and affairs related to service of process are handled by the court's clerks, not privately by parties. *See* Ex. A (Korean Civil Procedure Act) at Arts. 174 & 175(1). Typically, service is effectuated by mail, delivered by postal carriers. *See id.* at Art. 176(1)-(2).

6.  Where the domicile or other location for service of a party is unknown and the place for service cannot be ascertained, a court clerk may effectuate service by publication *ex officio* or upon a party's request. The presiding judge may also order service by publication when deemed necessary, in order to avoid delay in the proceedings. *See* Ex. A (Korean Civil Procedure Act) at Arts. 194(1) & 194(3).

### *Duty to Report Change of Residence Under Korean Law*

7.  Under the version of the Korean Resident Registration Act that was in effect in 2003, the head of a household has the duty to file a move-in report with the municipal government of the new residence within 14 days after moving in. *See* Ex. B (Korean Resident Registration Act) at Arts. 14(1), 11 & 10(1).

8.      Also under the Korean Resident Registration Act in effect in 2003, a person who intends to establish residence outside the Republic of Korea must report his plan to emigrate to the municipal government having jurisdiction over the person's current place of residence, prior to moving out of the country. *See* Ex. B (Korean Resident Registration Act) at Art. 17.

***Enforceability of Judgments Under Korean Law***

9.      Under Korean law, a judgment in a civil action becomes final when no appeal is filed within the statutory period. A payment order acquires the same effect as a final judgment if the debtor does not file an objection within two weeks from the date the payment order is served on the debtor. *See* Ex. A (Korean Civil Procedure Act) at Arts. 470(1), 474 & 498. When a judgment or a payment order ordering monetary payment becomes final, it becomes enforceable unless the judgment or the payment order specifies conditions for its enforcement. *See* Ex. C (Korean Civil Execution Act) at Arts. 28(1), 30(1), 56(3) & 58(1).

10.      Korean law does not have a statute of limitations for enforcement of judgments in precisely the same way as the laws of the United States. However, Korean law has a comparable concept called "extinctive prescription." Under the Korean Civil Act, extinctive prescription is a debtor's defense. When the prescription period for a claim has run, the claim is extinguished and the debtor may refuse to perform the obligation.

11.      When a claim is established by a judgment, the period of extinctive prescription for that claim is ten years. *See* Ex. D (Korean Civil Act) at Art. 165(1). If the ten-year prescription period elapses after the judgment without interruption in the period, the claim is extinguished, and the debtor may bring an action to prevent enforcement of the judgment. The creditor can preempt such a defensive action by the debtor, and preserve the enforceability of the judgment, by interrupting prescription on the claim.

12.    Interruption of prescription occurs, among other things, by filing a civil action, on the date of such filing. *See* Ex. D (Korean Civil Act) Art. 168. According to the precedent of the Supreme Court of Korea, an application for a payment order constitutes a judicial claim that interrupts prescription. *See* Supreme Court, Nov. 10, 2011, 2011Da54686. In addition, according to the Supreme Court, a "declaratory action to confirm a judicial claim for the interruption of prescription" also constitutes a judicial claim that interrupts prescription. *See* Supreme Court (*en banc*), Oct. 18, 2018, 2015Da232316.

13.    Upon a valid interruption, the prescription period is reset and begins to run anew from the time the cause of interruption ceases to exist. If the interruption occurs by filing a civil action, the new period begins after the judgment in that action becomes final and binding. *See* Ex. D (Korean Civil Act) at Art. 178(1)-(2). Likewise, if the interruption occurs by filing an application for a payment order, the new period should begin when the payment order becomes final and binding. *See* Ex. D (Korean Civil Act) Art. 178(1).

***Personal and Subject Matter Jurisdiction Under Korean Law***

14.    Because Korean law is a Civil Law system without any federal-state distinction, Korean law does not provide jurisdictional categories that map precisely onto the U.S. law concepts of subject matter jurisdiction or personal jurisdiction.

15.    However, the Korean Act on Private International Law provides rules on "international jurisdiction," which establishes standards for when Korean courts may exercise adjudicatory authority over legal relationships involving foreign elements. Under those standards, courts determine whether a Korean court may hear a given case.

16.    The Korean Act on Private International Law provides that Korean courts have international jurisdiction where the parties or the dispute have a substantial connection to Korea. The Act also provides that the court shall consider domestic jurisdictional rules to decide on

international jurisdiction, when neither the Korean Act on Private International Law nor any other Korean statute or treaty provides a specific rule on international jurisdiction, while also considering the particular nature of international jurisdiction. *See* Ex. E (Korean Act on Private International Law) at Art. 2.

17.     The Korean Civil Procedure Act provides that civil actions on property, which includes a monetary claim, may be brought to the court at a place where the obligation must be performed. *See* Ex. A (Korean Civil Procedure Act) at Art. 8. In addition, the Civil Act provides that the place of performance for monetary obligations is the creditor's current domicile, unless otherwise agreed by the parties. *See* Ex. D (Korean Civil Act) at Art. 467(2). Accordingly, under domestic jurisdiction rules of South Korea, actions on monetary claims such as loans can be heard in the court of the creditor's domicile. *See* Supreme Court, Aug. 2, 1969, 69Ma469.

18.     In this action, it is my opinion as a Korean attorney that the Korean Act on Private International Law provides personal and subject matter jurisdiction over Defendant Kyung-hee Kim, as Ms. Kim was a Korean citizen residing in Korea at the time when she executed a contract with a Korean corporation along with other joint sureties residing or based in Korea, for an obligation to be performed in Korea, as Ms. Kim's creditors were and are located in Korea.

***Release of Guarantee Under Korean Law***

19.     Under the Korean Civil Act, a claim is extinguished when the creditor manifests to the debtor an intention to release the obligation. *See* Ex. D (Korean Civil Act) art. 506. Thus, for a release to be effective, there must be a manifestation of intent addressed by the creditor who has authority to dispose of the claim.

20.     Absent special circumstances, such as a delegation of disposition authority from the creditor, joint and several guarantors are merely debtors of a guarantee who do not have authority to dispose of the underlying claim. Accordingly, an agreement among such joint and

several guarantors, or a unilateral undertaking or declaration by any one of them, would not extinguish the guarantee obligation of any other joint and several guarantor.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:   February 2, 2026

By:

_____

Bo Sung Jin